IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
| --- | --- | --- |
| | § | |
| V. | § | |
| | § | No. 3:19-cr-312-S (01) |
| ALFREDO NAVARRO HINOJOSA | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
<u>PREJUDICE GOVERNMENT'S MOTION TO COMPEL</u>**

On September 8, 2019, the government moved to compel Defendant Alfredo Navarro Hinojosa to produce a statement made by Laura Hinojosa, his niece – a statement that the government argues is in the possession of Defendant's counsel. *See* Dkt. No. 44. The presiding United States district judge referred the motion to compel to the undersigned United States magistrate judge. *See* Dkt. No. 45. Defendant did not file a response to the motion, and the deadline to do so has expired. *See* N.D. TEX. L. CRIM. R. 47.1(e); FED. R. CRIM. P. 45(a)(1)(C).

For the reasons explained below, the Court DENIES the motion without prejudice.

In this action, Defendant has been indicted for harboring of an illegal alien, his brother and co-defendant, Augustin Hinojosa Navarro, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). *See* Dkt. No. 18. And the government argues that the statement it moves to compel

> was evidence relied upon by the defense during the detention hearing and was explicitly read into the record by defense counsel.
> For purposes of context, it appears that the defense will argue, in

> part, that Alfredo Navarro Hinojosa is not guilty of the crime for which he is charged in the instant case because it was Laura Hinojosa, and not Alfredo Navarro Hinojosa, who was providing Agustin Hinojosa Navarro with financial support. The quoted statement from Laura Hinojosa[ – read into the record at the detention hearing – ]states that Laura Hinojosa and her siblings knowingly provided financial support to their father (Agustin), who was a known illegal alien. This statement is therefore evidence with respect to both Alfredo Navarro Hinojosa as well as Laura Hinojosa, who is a target and a witness of the ongoing investigation.
>
> Presumably, the defense would utilize this evidence in its case-in chief and therefore discovery obligations apply to such evidence. But even if such obligations did not apply, the simple fact that the defense read it directly into the record requires its production.
>
> To the extent that the defense makes the argument that the statement was received orally and not in writing, then the government requests that the recording of the statement be ordered to be produced. If no recording was made, then the government requests that the court order the defense to produce the transcription of the statement, and then reviewed and adopted by Laura Hinojosa, and then read [in] Court.

Dkt. No. 44 at 3.

Because the government fails to explicitly cite authority for its motion to compel, the Court first examines certain fundamentals underlying criminal cases that restrict the scope of discovery, as compared to the broader discovery allowed in civil actions. *See, e.g., Weatherford v. Bursey*, 429 U.S. 545, 559-61 (1977) ("There is no general constitutional right to discovery in a criminal case."); citations omitted); *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive." (citations omitted)).

> In civil cases, both sides are entitled in advance of trial to know and to respond to the evidence that will be presented by the other side, including any expert testimony. In criminal cases, the defendant is entitled to keep his cards close to the vest; he may not be required to disclose his evidence

or trial strategy until after the government has presented its case. These differences are reflected in the discovery rules.

*United States v. Nacchio*, 555 F.3d 1234, 1259-60 (10th Cir. 2009) (en banc) (McConnell, J., dissenting); *see also United States v. Mehta*, 236 F. Supp. 2d 150, 155 (D. Mass. 2002) ("The difference between the civil and criminal rules derives from the special constitutional constraints of criminal proceedings. Intuitively, discovery against a criminal defendant raises the specter of infringing the Fifth Amendment privilege against self-incrimination." (footnote omitted)).

In sum, in criminal cases, "neither side has a general right to discover the other's evidence, though the defendant is entitled to request and obtain certain specific types of evidence from the prosecution." *Nacchio*, 555 F.3d at 1260. And, as another district court in this circuit has explained,

> the drafters of the Federal Rules did not provide for expansive discovery by the Government due to "constitutional limitations that are thought to restrict prosecutorial discovery." 2 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE CRIMINAL § 255 (3d ed. 2007). Indeed, several courts have held that only these rules can impose the duty of disclosure on defendants, regardless of the authority of the judge. *See United States v. Dailey*, 155 F.R.D. 18, 21 (D.R.I. 1994) (holding that Federal Rules trumped local rules where local rule required automatic disclosure by both parties of evidence to be used at trial without any prior defendant request); *United States v. Layton*, 90 F.R.D. 520, 523 (N.D. Cal.1981) ("[T]here is no authority for the proposition that a court has inherent authority to compel a defendant to provide pretrial discovery which is not specifically authorized in Rule 16.").

*United States v. Impastato*, 535 F. Supp. 2d 732, 742-43 (E.D. La. 2008).

Here, the government's motion raises the possibility that the statement it seeks to compel could be used by Defendant in his case-in-chief "and therefore discovery

obligations apply to such evidence." Dkt. No. 44 at 3. Thus, as to pretrial discovery specifically authorized by Federal Rule of Criminal Procedure 16, the government may be arguing that the statement should be produced to it under a criminal defendant's reciprocal discovery obligation. *See Mehata*, 236 F. Supp. 2d at 155-56 ("While courts have upheld the basic notion of reciprocal criminal discovery on the theory that a defendant can waive the privilege in order to obtain discovery against the government, some constitutional limitations surely remain." (citing *Wardius v. Oregon*, 412 U.S. 470, 475 n.9 (1973) ("[T]he State's inherent information-gathering advantages suggest that if there is to be any imbalance in discovery rights, it should work in the defendant's favor."); citation omitted)).

But the government fails to explicitly state that Defendant's reciprocal discovery obligation has been triggered.

While Rule 16(b)(1) "imposes a reciprocal discovery requirement between the United States and a criminal defendant," *United States v. Crinel*, Crim. A. No. 15-61, 2016 WL 5779778, at *1 (E.D. La. Oct. 4, 2016) (footnote omitted), "[a] defendant's obligation to provide reciprocal discovery is [not] triggered [until] the government complies with the defendant's request for disclosure of documents and objects under Rule 16(a)(1)(E), reports under 16(a)(1)(F), or written summaries of any testimony by expert witnesses under 16(a)(1)(G)," *id.*; *see id.* at *2 ("Once the reciprocal discovery requirement is triggered, a defendant must produce discovery of 16(a)(1)(E) documents and objects or 16(a)(1)(F) reports of examinations and tests if: '(i) the item is within the defendant's possession, custody, or control; and (ii) the defendant intends to use the

item in the defendant's case-in-chief at trial.'" (quoting FED. R. CRIM. P. 16(b)(1)(A); FED. R. CRIM. P. 16(b)(1)(B)); *see also United States v. Kilmartin*, No. 1:14-cr-00129-JAW, 2016 WL 6208379, at *2 (D. Me. Oct. 24, 2016) ("As the language of the Rule suggests, the 'reciprocal discovery' rule is only triggered once a defendant requests disclosures from the government and the government complies." (citing FED. R CRIM. P. 16(b)(1)(A); *Dailey*, 155 F.R.D. at 20)); *United States v. Burke*, No. 3:12-cr-315-D, 2015 WL 1931327, at *2-*3 (N.D. Tex. Apr. 29, 2015) ("Rule 16(b)(1)(A) provides that the government is entitled to reciprocal discovery if a defendant requests disclosure under Rule 16(a)(1) (E), and the government complies. Rule 16(b)(1)(B) provides that the government is entitled to reciprocal discovery if the defendant requests disclosure under Rule 16(a)(1)(F), and the government complies. ... [These provisions] condition the government's entitlement to reciprocal discovery on its compliance with a defendant's corresponding discovery requests, compliance in this context means *substantial* compliance, not *total* compliance that is completely faultless." (citing *United States v. Swenson*, 298 F.R.D. 474, 475 (D. Idaho 2014); emphasis in original)).

Therefore, absent a current legal basis to compel Defendant to provide the statement the government seeks – that is apparent based on the record before the Court – the motion [Dkt. No. 44] is DENIED without prejudice.

SO ORDERED.

DATED: September 24, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE